UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIANNE E. SHANNON, <br> MICHAEL D. SHANNON, <br><br> Plaintiffs, <br><br> v. <br><br> LOUDON COUNTY TRUCKING, LLC, <br> JAMES BURCHAM, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:19-cv-03987-JPH-TAB <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER ON JURISDICTION**

Plaintiffs Julianne and Michael Shannon filed an amended complaint, alleging that this Court has diversity jurisdiction over this matter. Dkt. 9. For the Court to have diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs, and the litigation must be between citizens of different states. 28 U.S.C. § 1332(a). The citizenship of a partnership is "the citizenship of every partner, limited as well as general," *Dvorak v. Granite Creek GP Flexcap I, LLC*, 908 F.3d 248, 250 (7th Cir. 2018), so parties must "work back through the ownership structure until [reaching] either individual human beings or a formal corporation with a state of incorporation and a state of principal place of business," *Baez-Sanchez v. Sessions*, 862 F.3d 638, 641 (7th Cir. 2017). Additionally, citizenship "means domicile (the person's long-term plan for a state of habitation) rather than just current residence." *Myrick v. Wellpoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014).

1

Here, Plaintiffs trace Loudon County Trucking LLC's membership to OEP Capital Advisors, L.P., but do not identify that partnership's partners or their states of citizenship. They instead allege that the unnamed partners are "residents of the following country and states: Germany, Connecticut, New York, Illinois, and Massachusetts." Dkt. 1 at 6. "An allegation of residency, however, is insufficient to establish diversity jurisdiction." *Simon v. Allstate Emple. Group Med. Plan*, 263 F.3d 656, 658 n.1 (7th Cir. 2001).

Counsel has an obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has the responsibility to ensure it has jurisdiction. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court's obligation includes knowing the details of the underlying jurisdictional allegations. *See Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

Therefore, Plaintiffs **SHALL FILE** a jurisdictional statement **by February 24, 2020**, addressing the issues identified in this order. The clerk **shall update** Defendant Loudon County Trucking, Inc. to Loudon County Trucking, LLC on the docket.

**SO ORDERED.**

Date: 1/22/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

William E. Winingham
WILSON KEHOE & WININGHAM
winingham@wkw.com